IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50928
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM E. CALVILLO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CR-247-ALL
- - - - - - - - - -
Februar 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

William E. Calvillo appeals his conviction for driving while intoxicated on a military base, in violation of 18 U.S.C. § 13. He argues that the magistrate judge erred in denying his motion to suppress on the ground that the officer who conducted the traffic stop, which culminated in his arrest, lacked a reasonable suspicion that he was driving while intoxicated. He further contends that all evidence regarding his intoxication, which was

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discovered after the allegedly unlawful stop, should have been suppressed as the "fruit of the poisonous tree."

Viewing the evidence in the light most favorable to the Government, the Government demonstrated that law enforcement officers on the base had a reasonable suspicion that Calvillo was driving while intoxicated to support the stop, and the stop was therefore valid.  See Terry v. Ohio, 392 U.S. 1, 21-22 (1968); United States v. Dougall, 919 F.2d 932, 934 (5th Cir. 1990); see also United States v. Ishmael, 48 F.3d 850, 853 (5th Cir. 1995). Because the initial stop was valid, the subsequently discovered evidence of Calvillo's intoxication was not "fruit of the poisonous tree" and did not require suppression.  See Brown v. Illinois, 422 U.S. 590, 602-04 (1975); Wong Sun v. United States, 371 U.S. 471, 484-88 (1963).

AFFIRMED.